Jonah J. Horwitz, ID Bar No. 10494
Christopher M. Sanchez, ID Bar No. 12070
Assistant Federal Defenders
Federal Defender Services of Idaho
702 W. Idaho St., Ste. 900
Boise, ID 83702
Tel: (208) 331-5530; Fax: (208) 331-5559
ECF: Jonah_Horwitz@fd.org
    Christopher_M_Sanchez@fd.org

*Attorneys for Petitioner Thomas Eugene Creech*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| In re: THOMAS EUGENE CREECH | **No. 24-4455** |
| _____ | D.C. No. 1:24-cv-0066-AKB |
| THOMAS EUGENE CREECH, | District of Idaho, Boise |
| Petitioner. | |
| v. | **PETITIONER'S MOTION FOR JUDICIAL NOTICE** |
| UNITED STATES DISTRICT COURT FOR THE DISTRICT OF IDAHO, BOISE, | |
| Respondent. | |
| IDAHO COMMISSION OF PARDONS AND PAROLE and JAN M. BENNETTS, Ada County Prosecuting Attorney, in her official capacity, | |
| Real Parties in Interest. | |

For the reasons that follow, Petitioner Thomas Eugene Creech respectfully asks that judicial notice be taken of the documents attached to this motion and filed in Idaho state-court proceedings.

Judicial notice may be appropriately taken "of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992).[1] Here, Mr. Creech is submitting a series of records that were filed in Idaho state-court proceedings. Because they are court filings, the documents are a proper subject of judicial notice.

Moreover, as Mr. Creech will now explain, the documents "have a direct relation to matters at issue" in these mandamus proceedings. *Id.*

By way of background, Mr. Creech's mandamus petition requests that the Court disqualify Judge Brailsford from the litigation below on the grounds that there is an appearance of partiality. *See generally* Dkt. 2.1. The appearance of partiality, Mr. Creech has asserted, stems

---

[1] Unless otherwise noted, all internal quotation marks and citations are omitted, and all emphasis is added.

from the relationship between Judge Brailsford and Jan Bennetts, the Ada County Prosecuting Attorney and a named defendant in this case. *See generally id.* One major basis for Mr. Creech's argument is that Judge Brailsford indicated in a questionnaire provided to the U.S. Senate that she only recused herself once while on the Idaho Court of Appeals, in approximately 2019, and it was because Ms. Bennetts had been sued by a party. *See id.* at 11–15. As Judge Brailsford put it in the 2023 questionnaire, the involvement of Ms. Bennetts required recusal because she "is a personal friend." Dkt. 1.1 at 90.[2] Judge Brailsford also noted parenthetically that the party in the recusal case had been convicted of a crime in Ada County, Idaho. *See id.* Given the relationship between herself and Ms. Bennetts, Judge Brailsford acknowledged on the questionnaire that—had she remained on the appeal—her "impartiality might reasonably be questioned." *Id.*

Whether a judge's partiality might reasonably be questioned is the standard for recusal under the federal disqualification statute that Mr. Creech is relying on here. *See* 28 U.S.C. § 455(a). Thus, Mr. Creech's position is that the prior recusal underscores—along with the other

---

[2] All citations to the exhibits attached to the mandamus petition refer to the ACMS pagination.

3

information he has presented—a need for recusal below. *See* Dkt. 2.1 at 11–15.

Ever since they discovered the Senate questionnaire, undersigned counsel have been conducting research and investigation to try to identify the Court of Appeals case from which Judge Brailsford recused herself. *See* Ex. 1 at 1. Undersigned counsel were hopeful that either Ms. Bennetts or Judge Brailsford would themselves clarify for the Court which case it was, since both of them have personal knowledge of the matter (which Mr. Creech does not), and since both were invited to respond to the mandamus petition. *See* Dkt. 5.1; Ex. 1 at 1. However, Ms. Bennetts and Judge Brailsford both declined to answer the mandamus petition and thereby left the murky situation in place. *See* Dkts. 6.1, 7.1. Therefore, undersigned counsel believe it is now incumbent upon them to attempt, as best as they can, to shed light on the question so that this Court's adjudication of the mandamus petition can be as fully informed as possible. *See* Ex. 1 at 1–2.

To do so, undersigned counsel and their staff have conducted a number of searches online and reviewed various dockets and other case-related materials. *See id.* at 1. After engaging in those inquiries,

4

counsel have found only one case that appears to fit the description that Judge Brailsford gave in her questionnaire: *Rodgers v. Bennetts*, No. 46200, 2019 WL 6249432 (Idaho Ct. App. Nov. 22, 2019). In *Rodgers*, a state prisoner filed a public records petition in district court, seeking—in part—documents from the Ada County Prosecuting Attorney's Office. *See* Ex. 2. The district court dismissed the petition and subsequently assessed attorney fees against Mr. Rodgers. *See Rodgers*, 2019 WL 6249432, at *1–2. Mr. Rodgers appealed. *See id.*

In Idaho, appellate briefs are always filed in the first instance at the state supreme court. *See* Idaho Appellate Rule (I.A.R.) 34(a). Following the submission of the briefs, the case is either retained by the Idaho Supreme Court or assigned to the Court of Appeals. *See* I.A.R. 108.

The *Rodgers* case was assigned to the Court of Appeals and was, on May 31, 2019, submitted on the briefs. *See* Ex. 3. By then, Judge Brailsford was a member of the court, having been sworn in on January 2, 2019. *See* Dkt. 2.1 at 1 n.1. On November 22, 2019, the court of appeals issued its opinion. *See Rodgers*, 2019 WL 6249432. Three Court of Appeals judges participated in the case: Gratton, Huskey, and

5

Lorello. There are four seats on the Court of Appeals. *See* https://isc.idaho.gov/main/court-of-appeal-judges. At the time the *Rodgers* opinion was released, the four judges consisted of Gratton, Huskey, Lorello, and Brailsford. *See, e.g.*, *Rodgers*, 2019 WL 6249432; *State v. Okocha*, No. 46737, 2019 WL 8129558 (Idaho Ct. App. Nov. 22, 2019) (per curiam). Thus, if Judge Brailsford were to recuse herself from an appeal, it meant the case would then be decided by Judges Gratton, Huskey, and Lorello—as the *Rodgers* case was. *See* Ex. 1 at 1.

With the above recitation in mind, the *Rodgers* appeal bears all of the characteristics of the case referenced by Judge Brailsford in her questionnaire:

- It involved a party who had been convicted of a crime in Ada County, *see Rodgers v. State*, 932 P.2d 348 (Idaho 1997);
- The party named Ms. Bennetts in a lawsuit, *see* Ex. 2 at 1; and
- An appeal by the party was decided in approximately 2019 by the Court of Appeals while Judge Brailsford was on the Court and without her involvement, *see Rodgers*, 2019 WL 6249432.

Undersigned counsel have been unable to locate any other cases that share all the same features. Because *Rodgers* is apparently the

6

case that Judge Brailsford recused herself from, and because the disqualification is implicated by the present proceedings, the attached pleadings "have a direct relation to matters at issue." *Borneo*, 971 F.2d at 248.

The pleadings also "have a direct relation to matters at issue," *id.*, in the sense that they cast doubt on the rationales that have been advanced in this case to justify Judge Brailsford's denial of the recusal motion.

To begin, Judge Brailsford rejected Mr. Creech's reliance upon the earlier appeal because "the case specifically named [Ms. Bennetts] personally in her individual capacity." Dkt. 1.1 at 14–15. Although unelaborated, the seeming implication is that Mr. Creech named Ms. Bennetts in some way that is different from the prior case. In opposing the recusal motion below, Ms. Bennetts emphasized the same supposed fact, depicting the prior case as involving circumstances in which she was "named personally as a defendant, not in her capacity as Ada County Prosecutor." Dkt. 1.1 at 44.

That would not be an accurate account of the *Rodgers* case. There is no meaningful distinction between how Ms. Bennetts was named

7

below and how she was named in *Rodgers*. Mr. Rodgers listed Ms. Bennetts as a respondent because it was her office that denied his public records request. *See generally* Ex. 2. Likewise, Mr. Creech listed Ms. Bennetts as a defendant below primarily because it was her office that, according to his complaint, presented false evidence at his clemency proceedings. *See* Dkt. 1.1 at 157–91. While Mr. Creech included the phrase "official capacity," Dkt. 1.1 at 157, and Mr. Rodgers (a pro se litigant) did not, *see* Ex. 2 at 1, it is unclear why that should matter when the two cases named Ms. Bennetts for substantively identical reasons. Notably, Mr. Rodgers did *not* suggest that he was naming Ms. Bennetts in her personal capacity—he simply called her a respondent and left it at that. *See id.* For all intents and purposes, Ms. Bennetts essentially was—despite her representations below—named in the prior case "in her capacity as Ada County Prosecutor," Dkt. 1.1 at 44, i.e., because she runs the office that took the actions at issue, just as she does here.

Second, in defending her recusal decision, Judge Brailsford wrote that the record does "not reflect Ms. Bennetts' involvement in any unethical decisions." Dkt. 1.1 at 16. Below, the Idaho Commission of

8

Pardons and Parole—the other defendant in the case—invoked the same theme while endeavoring to keep Judge Brailsford on the proceedings, maintaining that Ms. Bennetts "does not have a personal stake in this matter." *Id.* at 32.

Again, *Rodgers* would repudiate these declarations. For in *Rodgers*, Ms. Bennetts had far *less* involvement in the alleged violation than here. Ms. Bennetts' name surfaces in *Rodgers* only as a form line on letterhead and over the signatures of other people. *See, e.g.*, Ex. 2 at 23.[3] There is no indication that she was ever personally involved in the public records dispute in any way whatsoever. See Ex. 1 at 2. She did not personally respond to the public record request; she did not conduct any of the relevant searches for documents; she did not engage in the destruction of material that occurred; and she did not appear at any hearings. *See id.*; Ex. 2 at 23; Ex. 4; Ex. 5. More broadly, Mr. Rodgers' formulation of his own claims did not put any actions by Ms. Bennetts at issue. *See* Ex. 1 at 2; *see also* Exs. 6, 7.

By contrast, Ms. Bennetts was to at least some extent associated with the facts at issue below. As detailed at greater length in the

---

[3] Citations to Exhibit 2 refer to the pagination added by Mr. Creech in the footers.

9

mandamus petition, Ms. Bennetts attended the commutation hearing at which the allegedly false evidence was presented, where she was publicly acknowledged; her office issued a press release reiterating one of the two putative misrepresentations at the heart of the case, in which she was herself quoted; and she drove to the prison to watch Mr. Creech be put to death after her office successfully defeated a stay of execution. *See* Dkt. 2.1 at 15–18.  Unlike in *Rodgers*, where the sole issue presented on appeal concerned attorney fees, *see Rodgers*, 2019 WL 6249432, the next significant ruling that Judge Brailsford is called upon to make below determines whether Mr. Creech can seek discovery into matters quite likely to personally involve Ms. Bennetts, such as whether she approved a false press release and what communications she had with the San Bernardino District Attorney.  *See* Dkt. 2.1 at 19–20.  At a minimum, it certainly cannot be said that the *Rodgers* case included *more* of a personal role for Ms. Bennetts than the present litigation.

To summarize, the *Rodgers* case suggests that Judge Brailsford felt, in 2019, that her friendship with Ms. Bennetts was so close that she had to recuse herself from a single case out of hundreds of Court of

10

Appeals matters. That recusal was ostensibly for the solitary reason that Ms. Bennetts was named as a defendant in a civil case for actions taken by her staff in a trivial matter where there is no reason to suppose she took any personal interest. In 2019, the fact that Ms. Bennetts was, in Judge Brailsford's words, "a personal friend" meant that her participation in such a case would lead, again in Judge Brailsford's words, to her "impartiality . . . reasonably be[ing] questioned." Dkt. 1.1 at 90. Neither Ms. Bennetts nor Judge Brailsford has told the Court that something in their friendship changed between 2019 and 2024. *See generally* Dkt. 2.1 at 12–13 (explaining that Judge Brailsford's account of her friendship ending in 1994 is contradicted by the Senate questionnaire, including by its use of the present tense to describe the relationship in 2023). If the friendship was problematic for recusal purposes in 2019 in a low-stakes case involving a pro se public records requester, it is difficult to understand why the friendship is not problematic in a capital case where Ms. Bennetts has expressed a desire to have a man put to death after her office reputedly presented false evidence to deny him clemency. Simply put, a judge who is prevented by optics from sitting on a three-member panel deciding whether $4,335

11

in attorney fees will be upheld because of her relationship with the respondent is a judge who should be prevented by optics from deciding by herself for the entire district court whether a man will be subjected to a lethal injection when the same individual is a defendant.

In sum, the *Rodgers* pleadings confirm that "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Preston v. United States*, 923 F.2d 731, 734 (9th Cir. 1991). It follows that the pleadings "have a direct relation to matters at issue," *Borneo*, 971 F.2d at 248, and Mr. Creech respectfully asks that the Court take judicial notice of them and consider their content when ruling on his mandamus petition.

Respectfully submitted this 12th day of August 2024.

>  */s/ Jonah J. Horwitz*
> Jonah J. Horwitz
> Christopher M. Sanchez
>
> *Attorney for Plaintiff/Petitioner*
> THOMAS EUGENE CREECH

12

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of August 2024, I electronically filed the foregoing Petitioner's Motion for Judicial Notice with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF/ACMS system.

I certify that all participants in the case are registered CM/ECF/ACMS users, and that service will be accomplished by the appellate CM/ECF/ACMS system.

I further certify that on the same day, I caused to be served a true and correct copy of the foregoing document by the method indicated below, postage prepaid where applicable, addressed to:

| | |
|---|---|
| Hon. Amanda Brailsford<br>U.S. District Court<br>550 W. Fort Street, Room 400<br>Boise, ID 83724 | __X__ U.S. Mail |

　　　　　　　　　　　　　　　　　　　*/s/ Julie Hill*
　　　　　　　　　　　　　　　　　　　Julie Hill

13