*In re Thomas Eugene Creech,* Case No. 24-4455
Submitted in Support of Petitioner's Motion for Judicial Notice

# EXHIBIT 1
**(Declaration of Jonah J. Horwitz, Aug. 12, 2024)**

## DECLARATION OF JONAH J. HORWITZ

I, Jonah J. Horwitz, mindful of the penalties of perjury, declare as follows:

1.    I am a person over eighteen years of age and competent to testify.

2.    For approximately ten years, I have been an attorney with the Capital Habeas Unit for the Federal Defender Service of Idaho ("CHU").

3.    I am lead counsel for Thomas Creech in the federal litigation relating to his clemency proceedings.

4.    In March 2024, I was informed by CHU staff that Judge Amanda K. Brailsford submitted a questionnaire to the United States Senate stating that she had previously recused herself while on the Idaho Court of Appeals from a case because Ada County Prosecutor Jan Bennetts had been sued by a litigant.

5.    Ever since then, CHU staff have—at my direction and with my assistance— been conducting research and investigation in an attempt to identify the case from which Judge Brailsford recused herself while on the court of appeals.

6.    As part of that inquiry, our office contacted the Clerk's Office for the Idaho Court of Appeals.  The Clerk's Office informed us that it would not be able to assist us with our endeavor.  It further advised us that there were no orders appointing a judge pro tem to a case in Judge Brailsford's stead, so if Judge Brailsford had recused herself, she was likely replaced by another sitting judge on the court of appeals.

7.    In Idaho, documents filed in state trial courts may be accessed using a web-based system called "iCourt."  CHU staff ran a number of searches on iCourt for cases in which Ms. Bennetts was listed as a party.  Our staff also cross-referenced cases and ran separate searches for the court of appeals on its website and on Westlaw.

8.    The only case we were able to locate that met Judge Brailsford's description of the recusal case was *Rodgers v. Bennetts*, Idaho Ct. App. No. 46200.  That is, *Rodgers* is the only case we could find in which Ms. Bennetts was named as a party; the individual who sued her was convicted of a crime in Ada County; and the Idaho Court of Appeals decided the case in approximately 2019 while Judge Brailsford was on the Court and without her participation.

9.    The CHU was hopeful that either Ms. Bennetts or Judge Brailsford would shed some light on the recusal case while answering the mandamus petition, since they have personal knowledge of the matter and Mr. Creech does not.  However, when both Ms. Bennetts and Judge Brailsford declined to respond to the mandamus petition, I concluded that it was incumbent upon my office to

promptly complete whatever investigative efforts we could and present our findings, so that the Court would be able to reach the most fully informed result possible in adjudicating the mandamus petition.

10. Using iCourt, I have reviewed the docket for *Rodgers v. Bennetts*, Ada Cty. Dist. Ct. No. CV01-17-1600, the trial-court proceedings that gave rise to the appeal that we have identified as the most likely candidate for the recusal case. The documents attached to today's motion for judicial notice as Exhibits 2, 4, and 5 are true and correct copies of filings submitted in Ada County District Court in the *Rodgers* case and pulled from iCourt.

11. From the Clerk's Office for the Idaho Court of Appeals, I requested the briefs and other filings submitted in *Rodgers v. Bennetts*, Ct. App. No. 46200 as well as the transcripts prepared for the appeal. The documents attached to today's motion for judicial notice as Exhibits 3, 6, and 7 are true and correct copies of filings from the *Rodgers* appeal.

12. Based on my review of the materials from the trial and appellate proceedings in *Rodgers*, I have seen no evidence that Ms. Bennetts was personally involved in the public records dispute that was litigated in that case. It appears to me that Ms. Bennetts did not personally respond to the public record request; did not conduct any of the relevant searches for documents; did not engage in the destruction of material that occurred; and did not appear at any hearings.

13. Based on my review of the materials from the trial and appellate proceedings in *Rodgers*, it is my understanding that Mr. Rodgers' formulation of his own claims did not put any actions by Ms. Bennetts at issue.

14. I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 12th day of August 2024 in Boise, Idaho.

*/s/ Jonah J. Horwitz*
Jonah J. Horwitz

*In re Thomas Eugene Creech,* Case No. 24-4455
Submitted in Support of Petitioner's Motion for Judicial Notice

# EXHIBIT 2

**(Petition to Compel Disclosure of Public Record Via I.C. §74-115(1), *Rodgers v. Bennetts*, Ada Cnty. No. CV01-17-1600)**

Signed: 6/22/2017 05:50 PM

RECEIVED

JAN 26 2017

Daniel Rodgers #28075
ISCC, Unit 02B
POB 70010
BOISE, ID  83707

FILED By: _____ Deputy Clerk
Fourth Judicial District, Ada County
CHRISTOPHER D. RICH, Clerk



IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

DANIEL E. RODGERS,              )
                                )     Case No. CV-  CV 01   1701600
        Petitioner,             )
                                )     PETITION TO COMPEL
-Vs-                            )     DISCLOSURE OF PUBLIC
                                )     RECORD VIA I.C. §74-115(1).
Karen Eldredge, BOISE CITY      )
POLICE Records Custodian,       )
Jan M. Bennets, ADA COUNTY      )
Prosecutor, & Lynne Glick       )
Office Admin., Custodian,       )
                                )
        Respondent.             )
_____ )

Signed: 6/23/2017 10:13 AM

mm

I.  <u>Jurisdiction.</u>

Pursuant Idaho Code (I.C. hereafter) §74-115(1), <u>Daniel</u>

<u>Rodgers</u> (I.C. §74-101) "Requester" seeking copies of public

records per, I.C. §74-102, having been denied, by the above

stated "Custodian(s)"(I.C. §74-101(3))("public official having

custody of control of, or authorized access to public records

and includes all delegates of such officials, employees or

representatives"), & I.C. §74-101(12)("Public Official" means

any state, county, local district, independent public body

corporate and politic or governmental official or employee

whether elected, appointed or hired.").

<u>PETITION</u> - 1

Ex. 2, p. 1

In accordance with ID.Const.Art.V, §20, <u>the district court shall have original jurisdiction</u> in all cases, as per I.C. §74-115.("The sole remedy for a person aggrieved by the denial of a request for disclosures is to institute proceedings in the district court of the county where the records or some part thereof are located" - - -).

I assert my ID.Const.Art.V, §18., rights to filing this petition in the district court; "in-spite-of indigence preventing my ability to pay for any filing fee, or copies, or for copying of said records by Custodians."

My rights to justice without delay, hindrance, sale, or denial, having been abridged by Respondent Agents refusal to disclose said public records.

## II. <u>Parties</u>.

A. <u>Petitioner</u>.

<u>Daniel E. Rodgers</u>, petitioner/requester herein, does appeal the denial of said public records request, within one hundred and eighty (180) days therefrom said failures to disclose.

B. <u>Respondent(s)</u>:

Records Custodian(s) as captioned above:

<u>PETITION</u> - 2

1.   BOISE POLICE DEPT., <u>Karen Eldredge</u>, Custodian.

2.   ADA   COUNTY   PROSECUTOR   <u>Jan M. Bennets</u>,   Custodian,   &

<u>Lynne Glick</u>, Office Admin., Custodian(s) et al.,.


III.   <u>Cause of Action.</u>

A.  <u>My Public Records Requests Were Made To Each Respondent</u>:


1.   On 11-21-2016, I mailed my public records request to
the Boise City Police.  See <u>Ex.1</u> hereto.


a.   On 11-29-2016 Records Custodian Karen Eldredge
response mailed to me 11-29-2016, asking for more time.
See <u>Ex.3</u>, hereto.


b.   On 11-30-2016 Records Custodian Karen Eldredge(s)
second (2nd) response mailed to me 12-01-2016, consisting
of Eight (8) Attached pages.  See <u>Ex.4</u>, is a total of ten
(10) pages; One (1)  The postmarked envelope.  (2)   The
Written Response Letter.  (3) The Eight (8) pages of enclosed
records.  Accompanying herewith.


2.   On 12-6-2016, I mailed my public records request to
the Ada County Prosecutor.  See <u>Ex.2</u>, attached hereto.



<u>PETITION</u> - 3



**Ex. 2, p. 3**

a.  On 12-13-2016 Jan M. Bennetts, Response signed by Lynne Glick, believed to be acting as Records Custodian, mailed to me 12-13-2016.  See <u>Ex.5</u>, one (1) envelope, & One (1) page signed response, herewith.  Denying my request.

IV.  <u>Relief Sought</u>.

A.  <u>I AM ENTITLED TO SEEK RELIEF ON APPEAL TO THE DISTRICT COURT</u>:

1.  <u>Allow this petition to be filed without fee</u>, as I have at all times proceeded as being in forma pauperis and remain eligible to this day.

2.  <u>ORDER show cause proceedings</u> against Respondent(s) et al., or, in the alternative, grant COMPEL PROCEEDINGS directing or mandating disclosure of said public records request(s).

3.  GRANT me any such other relief as may be deemed favorable to my causes, fit, owing, due, and available.

DONE this <u>1-4-2017</u> date.

BY _Daniel E. Rodgers_
Daniel E. Rodgers

<u>PETITION</u> - 4

Ex. 2, p. 4

STATE OF IDAHO     )
                   )  ss:
County of Ada      )

   Daniel E. Rodgers, being sworn, deposes and says that I am in fact the Petitioner in the above-entitled appeal from denial of public records requested and that all facts and evidence in this petition are true and correct to the best of my understnding & belief.

   SO SWORN to under threat of penalty of perjury.

                                   By, _____

                                             Petitioner

   SUBSCRIBED, SWORN & AFFIRMED to before me this 1/4/17 date.

                                    Notary Public for Idaho
                                    Comm.Exp: 5/13/19

*[Notary seal: R VERHAGE / S E NOTARY PUBLIC / STATE OF IDAHO]*

                       V

## CERTIFICATE OF MAILING:

   Having placed the same into the hands of prison staff, for filing by mail, U.S. Postage 1st Class Pre-paid by me, pursuant to the "mailbox rule" in accord with Munson v. State, 128 Idaho 639, 917 P.2d 796, 799-800 (1996), deemed filed upon date of deposit.

   DONE this 4 day of Jan , 2017 .

                                   By, _____
                                         Daniel E. Rodgers

TO:    Ada County Dist.Court Clerk, 500 W. FRONT ST., BOISE, ID 83702

TO:  Karen Eldredge, Boise City Police Dept.,  333 Mark Stall Place, BOISE, ID  83704-0644

TO:  Jan M. Bennets, & Lynne Glick, ADA County Prosecutors Office, 200 W. Front Street, Boise, ID 83702

PETITION - 5

EXHIBIT-1:

REQUEST FOR PUBLIC RECORDS
(Single Record Request Only)



TO:  ADA COUNTY PROSECUTOR, 200 W. FRONT ST, BOISE, ID  83702

Mailed: 12-6-2016

ATTENTION:  Custodian of Any/All POLICE REPORT, EVIDENCE ROOM, OR OTHER
PROPERTY LOGS, DISPOSITION SHEETS, OR DESTRUCTION SHEET(s) Records:

Idaho Code currently provides opportunity to citizens to view all public
records which are not specifically exempt from disclosure by law (I.C. 74-
102(1)).  This section also allows citizens to receive up to 100 pages of
records without cost of copying from state agencies and local municipalities.

Additionally, requested records may be obtained without cost(s) if (Check
all that apply to this request):

(¶)  -i.  Records requested are likely to contribute
significantly to the public understanding of the operations
or activities of government:

( )  -ii.  Records requested are not primarily in the
individual interest of the requester:

(¶) -iii.  The requester has insufficient resources to pay
such fees.

*See Idaho Code 74-102(10)(f)(i-iii).

Requester hereby seek(s) to obtain up to 100 pages of copied information
as follows: The Ada County Prosecutor appears to have been in the possession
of, and I am requesting copies of, any/all police reports, evidence disposition
forms, entry of plea forms (CASSETTE tape(s) interview or plea), & property
disposition/destruction logs. IN RE:  BOISE POLICE DEPT. DR.No's 1) #709-740.
2) #613-202. 3) #612-902 involving property stolen from me (Dan Rodgers) by
John A. McCullough, and or James Kelly McMillan. To Include Evidence Referred
To As "Numerous Thefts." NOTE: Any/All Relative Information About Disposition
Of Stolen Items Taken From Me, Mentioned In DR #709-740.  And All Such
Information Held In The Custody or Possession of Ada County Prosecutor on
or about 1986-87 date.

(#)  Check here if a Certified Record is Requested per I.C.-102.(3).

I.C. 74-103 also requires an agency to respond to a request within three
(3) business days of receipt of the request.  An additional ten (10) days
may be requested by the agency to fill the request with proper notice to the
Requester.

I /s/ Daniel Rodgers Daniel Rodgers hereby state that I will not
use the records requested herein for any purpose prohibited by law.  Please
send the requested records in their hard copy form to:

REQUESTER NAME & ADDRESS:

Daniel Edward Rodgers #28075, ISCC, G-102B, , POB 70010, BOISE, ID  83707

**Ex. 2, p. 7**

EXHIBIT-2:

.

REQUEST FOR PUBLIC RECORDS
(Single Record Request Only)

TO:  BOISE CITY POLICE DEPT.,

Mailed: 11-21-2016

ATTENTION:  Custodian of Records:

    Idaho Code currently provides opportunity to citizens to view all public
records which are not specifically exempt from disclosure by law (I.C. 74–
102(1)).  This section also allows (and I am requesting) citizens to receive
up to 100 pages of records without cost of copying from state agencies and
local municipalities.

    Additionally, requested records may be obtained without cost(s) if (Check
all that apply to this request):

                    (✗)  –i.  Records requested are likely to contribute
                    significantly to the public understanding of the operations
                    or activities of government:

                    ( )  –ii.  Records requested are not primarily in the
                    individual interest of the requester:

                    (✗) –iii.  The requester has insufficient resources to pay
                    such fees.

*See Idaho Code 74–102(10)(f)(i–iii).

    Requester hereby seek(s) to obtain up to 100 pages of copied information
as follows: Boise City Police Officer Incident Reports.  1986-87
IN RE:  I called the Boise City Police Department, and reported a felony
breakin, at Newell St., Boise, ID  83705, back in 1986-87.  ***I seek any/all
police reports, or other written indicia, memoranda, notes, or responding
officer record(s) what-so-ever.  To include any 1–800 information, or other
information raised by Boise City dispatching the call to field officers, patrol
units, detectives, or any other designated recipient thereof.

    (#)  Check here if a Certified Record is Requested per I.C.–102.(3).

    I.C. 74–103 also requires an agency to respond to a request within three
(3) business days of receipt of the request.  An additional ten (10) days
may be requested by the agency to fill the request with proper notice to the
Requester.

    I /s/ Daniel E Rodgers Daniel E. Rodgers hereby state that I will
not use the records requested herein for any purpose prohibited by law.  Please
send the requested records in their hard copy form to:

REQUESTER NAME & ADDRESS:

Daniel Rodgers, ISCC G-102B, # 28075      , POB 70010, BOISE, ID  83707

Ex. 2, p. 9

EXHIBIT-3:



333 N. Mark Stall Place
Boise, ID 83704-0644
www.cityofboise.org
**www.boisepolice.org**

November 29, 2016


Mr. Daniel Rodgers
Idaho Department of Corrections/Inmate #28075 G-102-B
PO Box 70010
Boise, ID 83707




RE: REQUEST FOR PUBLIC RECORD

Dear Mr. Rodgers:

Your request to examine or copy public records was received on the 22 day of November 2016. The Boise Police Department cannot process your request within the statutory three (3) working days. A longer period of time is necessary to locate, retrieve, and review the records. Your patience in this matter is appreciated. We will be forwarding a response to your request in writing as quickly as possible. Please note that your initial request was received on or about November 3, 2016 and an extension letter was mailed to you on or about November 7, 2016; however that response was returned to us. Again, thank you for your patience.

Sincerely,

Karen Eldredge

Karen Eldredge
Records Custodian
Administrative Support Division
(208) 570-6000



*An Equal Opportunity Employer*
Ex. 2, p. 11

EXHIBIT-4:



333 N. Mark Stall Place
Boise, ID 83704-0644
www.cityofboise.org
www.boisepolice.org

November 30, 2016

Mr. Daniel Rodgers
ISCC G-102B
PO Box 70010
Boise, ID 83707

RE: REQUEST FOR PUBLIC RECORD / DR 709-740, 612-902

Dear Mr. Rodgers:

Your public records request for the above noted report is enclosed. In accordance with Idaho Code §74-124(1)(c), personal information concerning individuals has been blacked out as production of this information would constitute an unwarranted invasion of personal privacy. Additionally, one page is denied as we are not the custodians of Ada County Prosecuting Attorney's office records.

Your request for information under the Idaho Public Records Act and this response has been reviewed by our legal counsel. Any statutory exemptions regarding denials or redactions which may apply and are provided herein shall not constitute a waiver of any and all other legal bases or privileges which may also be applicable. All record responses may be appealed by filing a petition in conformance with the provisions of the Idaho Code Title 74, Chapter 1. Your petition must be filed in the Fourth Judicial District Court of Idaho within one hundred and eighty (180) calendar days of the mailing of this notice. Any release of public records (textual, audio, video, graphical, pictorial, digital or otherwise) in response to this request is not permission from the City as the copyright and/or trademark owner to allow you to republish or otherwise make use of the records in violation of state or federal trademark and/or copyright law.

Sincerely,

Karen Eldredge
Records Custodian
Administrative Support Division
(208) 570-6000



0 0 0 1 3 7 0 0 3 5 9

**GENERAL REPORT**

☐ ADA COUNTY SHERIFF'S DEPARTMENT    ☑ BOISE POLICE DEPT.

36 709 740

| Burglary | | 10-1401 | |

5-26-87 2400 Hr | 5-28-87 2100 | 1500 Newell

Rogers Daniel | 885 Lemon | 336-9474
Lansage Wm M | | 336-9474

With Suspects Forced Entry To Home And Took Listed Property

UCR ACA.
Shotgun 12 Gage Stevenson Pump (Veryold) 600
Shotgun 12 Gage Double Barrel Remington 250

390 00

Ex. 2, p. 14

0001870 0859

YES:
- Witness to Crime
- Can Suspect Be Named
- Can Suspect Be Located

YES:
- Can Suspect Be Described
- Is Stolen Property Traceable
- Is There Significant M.O.

YES:
- Is There Significant Evidence
- Can Suspect Vehicle Be I.D'd
- Is Preliminary Investigation Complete

YES:
- Can Crime Be Solved
- Major Property Loss
- Was there opportunity for other person to commit crime

[illegible]

CSI

[illegible]

SECURITY USED:
- 1 None
- 2 Neighborhood Watch
- 3 Operation I.D.
- 4 Window Decals
- 5 Interior Lights
- 6 Exterior Lights
- 7 Automatic Timer
- 8 Peephole/Viewer
- 9 Dog
- 10 Audible Alarm
- 11 Silent Alarm
- 12 Bar/Grates/Grill
- 13 Security Fence
- 14 Camera/CCTV
- 15 Private Patrol/Guard
- 16 Other

TYPE LOCK:
- 1 None
- 2 Dead Bolt
- 3 Window Lock
- 4 Padlock
- Other

CASE STATUS REPORT
- 1 Cleared By Arrest
- 2 Cleared By Exception
- 3 Unfounded
- 4 File Only/Inactive
- 5 Informational
- 6 Not Cleared

Ex. 2, p. 15

0 0 0 1 8 7 0 0 3 5 9

☒ CONTINUATION PAGE
☐ MISCELLANEOUS REPORT

☒ ADA COUNTY SHERIFF'S DEPARTMENT   ☐ BOISE POLICE DEPARTMENT

| BURGLARY | | Rodgers, Conrac | | 709 790 |
| --- | --- | --- | --- | --- |

Victim states he owns house at 1500 Newell in which his parent reside. They are gone on trip and victim has been checking house. Items taken belong to victim.

Entry made thru inner door from garage by using what appears to be vise grips on door knob.

House searched and drawers and items pulled out and dumped. Some vandalism also done to kitchen cabinets.

Guns were taken from bedroom closet. V.C.R. taken from living room atop T.V. set.

Suspect(s) may have come in to back yard from Warehouse Market lot via gate. Foot prints observed in mud near gate indicate adult size foot aprox size 10.

C.S.I. G. Davis responding to scene to process same.

Venable 171 5-28-87    Hall 135 5-29-87

Ex. 2, p. 10

☐ **CONTINUATION PAGE**
☐ **MISCELLANEOUS REPORT**

☐ ADA COUNTY SHERIFF'S DEPARTMENT   ☑ BOISE POLICE DEPARTMENT

| Burglary | Rodgers Duane | 789 740 |
| | | 2 |

| Date Occurred | Time Occurred | Area | Detectives | | Class |

| ITEM # | AMOUNT | ITEMS & DESCRIBE PROPERTY FULLY | ITEM SERIAL # |

**Property Taken  Addition**

| | | Value |
|---|---|---|
| Shotgun 12 Gauge Double Barrel Remington | $250.00 |
| Shotgun 410 Gauge Single Shot Very old | $900.00 |
| Shotgun 12 Gauge Stevenson Pump "Newer" | 400.00 |
| Rifle 207 cal. w/scope unk Make | 300.00 |
| ~~2 Shotguns Poss'n pumps~~ | |
| 3 Rifles .22 cal. Semi Auto K-Mart Brand | 210.00 |

Victim Does Not Have Ser# Available on Guns.

| Reporting Officer | Serial | Date/Time | Supervisor | | Date/Time |
| E. Venable | 171 | 5-28-87 | | 135 | 5-29-87 |

000J0700359

☐ **CONTINUATION PAGE**
☐ **MISCELLANEOUS REPORT**

☐ ADA COUNTY SHERIFF'S DEPARTMENT    ☐ BOISE POLICE DEPARTMENT

| Burglary | Dan Rogers | | 709-740 |
|---|---|---|---|
| | | | 1 of 1 |

I was dispatched to 1500 Newell st. ref. CSI work.  At the scene
I met with officer Venable who briefed me on the crime and the
areas deserving attention.

I responded to the residence where I was met by a Dan Rogers.  I
advised Mr. Rogers of my purpose and asked if he would walk me
through the scene.  While visiting with Rogers I aquired the
following (s) information:

(s) is McMillan, James Kelly (goes by Kelly), 4426 Clinton,
███████████, 5-7, 160 lbs, brn/blu.

Mr. Rogers feels the Burglary is a vindictive act on the (s)
part because of a beating (s) recieved about one week ago.  (s)
feels Rogers had him beat-up because of a burglary Rogers feels
the (s) committed.  Furthermore, Rogers advised two Boise City
detectives were at his residence on 05/20/87 informing him he
would be going to jail unless he was complatly honest with the
police.  Unknown who the detectives were.

The only CSI work was the photographing of the vandalism  and
(s) point of entry.  No fingerprints were lifted because (s) is a
friend (ex-friend) and has been at the residence on numerous
occasions.

Rogers said the stolen items are probably cached at (s) mother's
residence, somewhere north of Meridian.  Rogers says he knows
how to get there but doesn't know the streets.  Also, the Merid-
ian PD knows the residence as a possible drug trafficing lacation.

| B. DAVIS | 352 | 5/21/87 | | 135 | 5-29-87 |

100 250 0 805

BOISE POLICE DEPARTMENT
ADA COUNTY SHERIFF'S DEPARTMENT

DR No. 65-28/112-902

## NOTIFICATION OF RIGHTS

1. You have the right to remain silent. *Imc*

2. Anything you say can and will be used against you in a court of law. *Imc*

3. You have the right to talk to a lawyer and have him present with you while you are being questioned. *Imc*

4. If you cannot afford to hire a lawyer, one will be appointed to represent you before any questioning, if you wish. The Ada County Public Defenders Office is available to you at this or any future time. *Imc*

5. You can decide at any time to exercise these rights and not answer any questions or make any statements. *Imc*

## RIGHTS WAIVER

1. I understand each of the above rights explained to me. *Jamc*

2. Having these rights in mind, (I do), (I do not) wish to talk to the officers now. *Imc*

## JUVENILE ONLY

3. I wish to consult my parents, guardian, custodian before continuing with the proceedings. _____

Witness _____

Witness _____

Signed _____

Place _____

Date _____ Time _____

## JUVENILE ONLY

Parent or Guardian _____

School _____

## OPTIONAL

Date of Birth _____

Height _____ Weight _____ Eyes _____

Hair _____ Complexion _____

Place of Birth _____

Telephone Number _____

Ex. 2, p. 19

0 7 7 1 1 4 0 0 5 3 4    612-702

# ADA COUNTY SHERIFF
# BOISE POLICE
## PROPERTY INVOICE

1. I.D. 27 | DR No. 613-205
2. DATE 7-23-86 | TIME 2251

[✓] EVIDENCE [ ] FOUND
[ ] SAFE KEEPING [ ] IMPOUNDED
[ ] RECOVERED [ ]

3. REPORTING OFFICER B401 | 312 | 4. APPROVED BY R | SERIAL No. 289

IMPOUNDED CAR

5. YEAR | 6. MAKE | 7. BODY | 8. LIC NO. YEAR | 9. STATE | 10. VIN NO.

11. REMOVED FROM AT | 12. BY TO

13. VEHICLE RECEIVED BY
Owner of Wrecker or Lot Attendant SIGNATURE

14. REASON [ ] ABANDONED [ ] TRAFFIC HAZARD [ ] DRIVER INCAPACITATED [ ] EVIDENCE

| 15. Item # | Amount | ITEMIZE AND DESCRIBE PROPERTY FULLY | Item Serial No. | Bin No. |
|---|---|---|---|---|
| 1 | 1 | MINI CASSETTE OF INTERROGATION OF (S) IN BURGLARY DR 612-902 & NUMEROUS THEFTS | | |
| | | | C3-7/8 | |

HOW PROPERTY OBTAINED/DETAILS OF INCIDENT
INTERVIEW OF JOHN McCULLOUGH

3/10/87 Destroy per Cobley

16. WAIVER BY FINDER The property is not my own and I do not allege any claim to the property as against the true owner nor do I allege any claim to the property as against the City of Boise nor County of Ada, Idaho. SIGNATURE

17. PERSON PROPERTY OBTAINED FROM | ADDRESS | PHONE NO.

18. OWNER'S NAME (if known) | ADDRESS | PHONE NO.

19. OWNER NOTIFIED [ ] YES [ ] NO [ ] ATTEMPTED

20. STORED AT [ ] PROPERTY ROOM [ ]

21. EVIDENCE OUT

24. FINAL DISPOSITION
[ ] RETURNED TO OWNER [X] DESTROYED
[ ] RETURNED TO FINDER [ ] TURNED OVER TO
[ ] SOLD AT AUCTION DATE 3-15-87

22. EVIDENCE RETURNED

23. OWNER'S SIGNATURE RECEIVING PROPERTY OR VEHICLE

25. COMMANDER AUTHORIZING DISPOSITION M. Vrtiska SERIAL NO. 2166

26. The records of the Boise Police Department and the Ada County Sheriff's Department find it clear to release the above described vehicle to the person who's signature appears in Block No. 23 of this form. Said person agrees to pay any and all monies required to obtain said vehicle.

SIGNATURE OF OFFICER RELEASING VEHICLE
Complete Block No. 23 and Block No. 26
Secure Owner's Identification

!!!! IMMEDIATE RESPONSE NEEDED !!!! 0 5 3 1

*Patrol*

## EVIDENCE ROOM PROPERTY

To: **Cobley / Brody**                          Date: **3.10.87**

From: **Helen**                                  Property Officer

Subject: Request for disposition of property

Case **612.902** entered on **7.23.86** by you

is: **Cassette Tape**

Re: **John A. McCullough**                  c3. 7/8

Request disposition instructions shown below.

☐ Return to owner-#IO                    Retain evidence
                                          because case is:

☐ Auction                                ☐ pending court action

☑ Destroy                                ☐ Under investigation

**Case Closed in court - Plea**

**Cobley**
(Officer's Signature)

**167**
(Date)
**3.16.87**

Ex. 2, p. 21

EXHIBIT-5:



**ADA COUNTY PROSECUTING ATTORNEY**
**JAN M. BENNETTS**

| **Criminal Division** | **Civil Division** | **Juvenile Division** |
|---|---|---|
| 200 W. Front Street, Rm 3191 | 200 W. Front Street, Rm 3191 | 6300 Denton Street |
| Boise, Idaho 83702 | Boise, Idaho 83702 | Boise, Idaho 83704 |
| Phone (208) 287-7700 | Phone (208) 287-7700 | Phone (208) 577-4900 |
| Fax (208) 287-7709 | Fax (208) 287-7719 | Fax (208) 577-4909 |

December 13, 2016

Daniel E. Rodgers
#28075
ISCC, G-102B
P.O. Box 70010
Boise, ID 83707-0110

Dear Mr. Rodgers:

The Ada County Prosecutor is in receipt of your public records request for:

> [A]ny/all police reports, evidence disposition forms, entry of plea forms
> (CASSETTE tape(s) interview or pleas), & property disposition/destruction
> logs. IN RE: BOISE POLICE DEPT. DR.No's 1) #709-740. 2) #613-202.
> 3) #612-902 involving property stolen from me (Dan Rodgers) by John A.
> McCullough, and or James Kelly McMillan. To Include Evidence Referred
> to As "Numerous Thefts." NOTE: Any/All Relative Information About
> Disposition Of Stolen Items Taken From Me, Mentioned In DR #709-740.
> And All Such Information Held In The Custody or Possession of Ada
> County Prosecutor on or about June 1987 date.

The Ada County Prosecutor does not have any documents that are responsive to
your request.

Sincerely,

**JAN M. BENNETTS**
Ada County Prosecuting Attorney

Lynne Glick
Office Administrator

JMB:LKJ:mlg:sr

Ex. 2, p. 23

*In re Thomas Eugene Creech,* Case No. 24-4455
Submitted in Support of Petitioner's Motion for Judicial Notice

# EXHIBIT 3

**(Order Re: Summary Disposition, *Rodgers v. Bennetts*, Idaho
Sup. Ct. No. 46200-2018)**

## IN THE COURT OF APPEALS OF THE STATE OF IDAHO

DANIEL E. RODGERS,

    Plaintiff-Appellant,

v.

JAN M. BENNETTS, Ada County
Prosecutor; LYNNE GLICK, Office
Administrator, Custodian,

    Defendants-Respondents.

**Order Re: Summary Disposition
(Incarcerated Person)**

Docket No. 46200-2018

Ada County District Court
CV01-17-01600

WHEREAS, this appeal has been assigned to the Court of Appeals for disposition; and,

WHEREAS, the Supreme Court has authorized the Court of Appeals to dispose of those cases which, in the discretion of the Court of Appeals, can be decided without oral argument; and,

WHEREAS, Appellant is appearing in this appeal pro se and is presently incarcerated and may not appear at oral argument as provided by Idaho Code section 19-2803; therefore,

IT IS HEREBY ORDERED that this appeal be, and hereby is, submitted for decision on the briefs and without oral argument.

Dated 05/31/2019.

For the Court of Appeals

Karel A. Lehrman
Clerk of the Courts

*In re Thomas Eugene Creech,* Case No. 24-4455
Submitted in Support of Petitioner's Motion for Judicial Notice

# EXHIBIT 4

**(Declaration of Lynn Glick in Support of Motion for Summary Judgment, *Rodgers v. Bennetts*, Ada Cnty. Case No. CV01-17-1600)**

Electronically Filed
12/6/2017 3:27 PM
Fourth Judicial District, Ada County
Christopher D. Rich, Clerk of the Court
By: Amy King, Deputy Clerk

**JAN M. BENNETTS**
ADA COUNTY PROSECUTING ATTORNEY

**LORNA JORGENSEN**
Deputy Prosecuting Attorney
Civil Division
200 W. Front Street, Room 3191
Boise, ID 83702
Telephone: (208) 287-7700
Facsimile: (208) 287-7719
Idaho State Bar No. 6362
Email: civilpafiles@adaweb.net

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | | |
|---|---|---|
| DANIEL E. RODGERS, | ) | **Case No. CV01-17-01600** |
| | ) | |
| Plaintiff, | ) | **DECLARATION OF LYNNE** |
| | ) | **GLICK IN SUPPORT OF** |
| vs. | ) | **MOTION FOR SUMMARY** |
| | ) | **JUDGMENT** |
| KAREN ELDREDGE, BOISE CITY POLICE | ) | |
| RECORDS CUSTODIAN, JAN M. BENNETTS, | ) | |
| ADA COUNTY PROSECUTOR, and LYNNE | ) | |
| GLICK, OFFICE ADMIN., CUSTODIAN | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**LYNNE GLICK,** declares under penalty of perjury pursuant to the law of the State of Idaho that the following is true and correct:

1.      I am the Office Administrator for the Ada County Prosecuting Attorney's Office. I have been employed in the Prosecuting Attorney's Office since June of 1986. I have been the Office Administrator since September of 1995. As part of my duties, I coordinate the location of physical files or documents when requested and coordinate the destruction of Prosecuting Attorney Records pursuant to statutory requirements.

2.      Attached as Exhibit A is a true and correct copy of the Request for Public Records

DECLARATION OF LYNNE GLICK IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT – PAGE 1 OF 4

that the Ada County Prosecuting Attorney's Office received on December 9, 2016.

3.      Attached as Exhibit B is a true and correct copy of the December 13, 2016 letter that I sent to Daniel E. Rodgers.

4.      Attached as Exhibit C is a true and correct copy of the envelope and Petition to Compel Disclosure of Public Record received by the Ada County Prosecuting Attorney's Office in the mail on January 13, 2017.

5.      The Ada County Prosecuting Attorney's Office, pursuant to statute, destroyed files in 2000. Attached as Exhibit D is a true and correct copy of the Resolution for Destruction No. 1070.

6.      The majority of the files that the Ada County Prosecuting Attorney maintains are from 2002 forward.

7.      On December 13, 2016, I sent Mr. Rodgers a letter telling him that we did not have any documents responsive to his request.

8.      On or about June 27, 2017, I searched for documents that might be responsive to Mr. Rodgers' public records request.

9.      Because this appeared to be a 1986 or 1987 case, I reviewed the Ada County Prosecuting Attorney's Case Management System (ACPCMS) to look for the names of the individuals contained in Mr. Rodgers' public records request.

10.     I looked for James Kelly McMillan and James Kelly McMillin. The name James Kelly McMillin does appear in ACPCMS. I searched for felony case file(s) for the time periods of 1986 or 1987. There were no case files for the 1986 or 1987 time periods.

11.     I also looked for John A. McCullough. The name John A. McCullough does appear in ACPCMS. I searched for felony case file(s) for the time periods of 1986 or 1987.

DECLARATION OF LYNNE GLICK IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT – PAGE 2 OF 4

There are case numbers for two converted files that appear to be from 1986. There are no DR numbers, reports or specifics in ACPCMS for either of these cases to cross reference them with the request from Mr. Rodgers. These are strictly converted records that show the basics of case name, case number(s), charge(s) and file date.

12. On June 27, 2017, I sent a file clerk to the warehouse to see if our office had overlooked any records that might be responsive to Mr. Rodgers' request. The file clerk could not find any records. Attached as Exhibit E is a true and correct copy of the email between myself and the file clerk.

13. On December 1, 2017, I personally went to the warehouse to personally look for records that might be responsive to Mr. Rodgers' request. The vast majority of the boxes in storage are from 2002 forward. There are a few stragglers. One box was labeled, 1980 through 1995. I physically inspected the box for responsive documents. I did not locate any documents.

14. I have overseen and supervised employees responsible for the December 2016 search which initiated my response letter of December 13, 2016, have personally overseen and supervised the June 2017 search, and personally searched the warehouse in December 2017 for responsive documents to Mr. Rodgers' public records request of December 2016. After a protracted and thorough search, as I indicated in December of 2016, June of 2017 and most recently December of 2017, the Ada County Prosecuting Attorney's Office does not have any documents that are responsive to Mr. Rodgers' request.

**DATED** this ____6th____ day of December, 2017.

_____Lynne Glick_____
Lynne Glick, Office Administrator
Ada County Prosecuting Attorney's Office

DECLARATION OF LYNNE GLICK IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT – PAGE 3 OF 4

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this _____ day of December, 2017, I served a true and correct copy of the foregoing DECLARATON OF LYNNE GLICK IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT to the following person(s) by the following method:

Daniel E. Rodgers (#28075)                              _____ Hand Delivery
ISCC – G-102B                                              ___x___ U.S. Mail
PO Box 70010                                              _____ Certified Mail
Boise, Idaho  83707                                        _____ Facsimile

Ralph R. Blount                                            _____ Hand Delivery
Deputy City Attorney                                      _____ U.S. Mail
Boise City Attorney's Office                              _____ Certified Mail
P.O. Box 500                                              _____ Facsimile
Boise, Idaho 83701-0500                                   ___x___ iCourt
                                                          boisecityattorney@cityofboise.org

DECLARATION OF LYNNE GLICK IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT – PAGE 4 OF 4

*In re Thomas Eugene Creech,* Case No. 24-4455
Submitted in Support of Petitioner's Motion for Judicial Notice

# EXHIBIT 5

**(Declaration of Tracie Smith in Support of Motion for Summary
Judgment, *Rodgers v. Bennetts*, Ada Cnty. Case
No. CV01-17-1600)**

Electronically Filed
12/6/2017 3:27 PM
Fourth Judicial District, Ada County
Christopher D. Rich, Clerk of the Court
By: Amy King, Deputy Clerk

**JAN M. BENNETTS**
ADA COUNTY PROSECUTING ATTORNEY

**LORNA JORGENSEN**
Deputy Prosecuting Attorney
Civil Division
200 W. Front Street, Room 3191
Boise, ID  83702
Telephone:  (208) 287-7700
Facsimile:  (208) 287-7719
Idaho State Bar No. 6362
Email: civilpafiles@adaweb.net

IN THE DISTRICT COURT OF THE FOURTH JUDICIAL DISTRICT

OF THE STATE OF IDAHO, IN AND FOR THE COUNTY OF ADA

| | | |
|---|---|---|
| DANIEL E. RODGERS, | ) | **Case No. CV01-17-01600** |
| | ) | |
| Plaintiff, | ) | **DECLARATION OF TRACIE** |
| | ) | **SMITH IN SUPPORT OF** |
| vs. | ) | **MOTION FOR SUMMARY** |
| | ) | **JUDGMENT** |
| KAREN ELDREDGE, BOISE CITY POLICE | ) | |
| RECORDS CUSTODIAN, JAN M. BENNETTS, | ) | |
| ADA COUNTY PROSECUTOR, and LYNNE | ) | |
| GLICK, OFFICE ADMIN., CUSTODIAN | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————————— | ) | |

**TRACIE SMITH,** declares under penalty of perjury pursuant to the law of the State of Idaho that the following is true and correct:

1.      I am the Legal Assistant Supervisor for the Ada County Prosecuting Attorney's Office.  I have been employed in the Prosecuting Attorney's Office since May 2001.  I have been a Legal Assistant Supervisor since September 2004.  As part of my duties, when Lynne Glick is unavailable, I coordinate the location of physical files or documents when requested.

DECLARATION OF TRACIE SMITH IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT – PAGE 1 OF 3

2.    On December 9, 2016, the Ada County Prosecuting Attorney's Office received a public records request from Daniel E. Rodgers.

3.    On or about December 10 and December 11, 2016, I searched for documents that were responsive to Mr. Rodgers' public records request.

4.    Because this appeared to be a 1986 or 1987 case, I reviewed the Ada County Prosecuting Attorney's Case Management System (ACPCMS) to look for the names of the individuals contained in Mr. Rodgers' public records request.

5.    I looked for files for James Kelly McMillian.  The name James Kelly McMillian was not found in the ACPCMS system.

6.    I looked for files for John A. McCullough.  I found John A. McCullough's name in the in the ACPCMS system; however, there were no case files for the 1986 or 1987 time period.

**DATED** this 6th day of December, 2017.


/s/Tracie Smith
        Tracie Smith, Legal Assistant Supervisor
        Ada County Prosecuting Attorney's Office

DECLARATION OF TRACIE SMITH IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT – PAGE 2 OF 3

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of December, 2017, I served a true and correct copy of the foregoing DECLARATON OF TRACIE SMITH IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT to the following person(s) by the following method:

Daniel E. Rodgers (#28075)                    _____ Hand Delivery
ISCC – G-102B                                 ___x___ U.S. Mail
PO Box 70010                                  _____ Certified Mail
Boise, Idaho  83707                           _____ Facsimile

Ralph R. Blount                               _____ Hand Delivery
Deputy City Attorney                          ___ ___ U.S. Mail
Boise City Attorney's Office                  _____ Certified Mail
P.O. Box 500                                  _____ Facsimile
Boise, Idaho 83701-0500                       ___x___ iCourt
                                              boisecityattorney@cityofboise.org

/s/Candace McCall_____
     Candace McCall, Legal Assistant

DECLARATION OF TRACIE SMITH IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT – PAGE 3 OF 3

*In re Thomas Eugene Creech,* Case No. 24-4455
Submitted in Support of Petitioner's Motion for Judicial Notice

# EXHIBIT 6

**(Brief of Appellant, *Rodgers v. Bennetts,* Idaho Sup. Ct. No. 46200-2018)**



RECEIVED
MAR 1 2 2019
SUPREME COURT
COURT OF APPEALS

IN THE SUPREME COURT OF THE STATE OF IDAHO

| | |
|---|---|
| DANIEL E. RODGERS,<br><br>    Plaintiff-Appellant,<br><br>v.<br><br>KAREN ELDREDGE, Boise City<br>Police Records Custodian;<br>JAN M. BENNETTS, Ada County<br>Prosecutor; LYNNE GLICK,<br>Office Administrator, Custodian,<br><br>    Defendants-Respondents. | NO. 46200-2018<br><br>Ada County NO. CV01-17-01600<br><br>**APPELLANT'S BRIEF** |

---

**BRIEF OF APPELLANT**

---

**APPEAL FROM THE DISTRICT COURT OF THE FOURTH JUDICIAL
DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE
COUNTY OF ADA**

---

**HONORABLE RICHARD D. GREENWOOD**
**District Judge**

---

FILED - ORIGINAL
MAR 1 2 2019
Supreme Court____Court of Appeals
Entered on ATS by:____

DANIEL E. RODGERS
28075  ISCC / F-1, 02 B
P.O. Box  70010
Boise, ID   83707

ADA COUNTY PROSECUTOR'S
OFFICE, Civil Division
200 West Front Street
Boise, ID   83702
(208) 287-7700

PLAINTIFF-APPELLANT
PRO SE

ATTORNEY FOR
DEFENDANT-RESPONDENTS

## TABLE OF CONTENTS

PAGE

TABLE OF AUTHORITIES ......................................... ii

STATEMENT OF THE CASE ........................................ 1

    Nature of the Case ....................................... 1

    Jurisdiction ............................................. 1

    Statement of Facts and
    Course of Proceedings ................................. 1, 2

ISSUES PRESENTED ON APPEAL ................................... 3

ARGUMENT ..................................................... 4

CONCLUSION ................................................... 9

CERTIFICATE OF MAILING ....................................... 9

## TABLE OF AUTHORITIES

Cases

*City of Chubbuck v. City of Pocatello,* 127 Idaho 198 (1995) ........  8

*Daisy Mfg. Co. v. Paintball Sports, Inc.,* 134 Idaho 259 (2000) ....  8

*Evans v. Sawtooth Partners,* 111 Idaho 381 (1986) ......................  7

*Int'l Eng'g Co. v. Daum Indus., Inc.,* 102 Idaho 363 (1981) ................  7

*Johnson v. State,* 153 Idaho 246 (Ct. App. 2012) ........................  5

*Management Catalysts v. Turbo W. Corpac, Inc.*
  119 Idaho 626 (1991) .....................................................  5


Statutes

*Idaho Code* § 12-117(1) ...............................................  5

*Idaho Code* § 12-120 ..................................................  8

*Idaho Code* § 13-201 ..................................................  1

*Idaho Code* § 74-102(1) .............................................. 4, 6


Rules

*Idaho Rules of Civil Procedure* 54(d)(1)(A), 54 (d)(1)(B) ..... 7, 8

ii

## STATEMENT OF THE CASE

### Nature of the Case

Appellant, Daniel E. Rodgers, a 69 year old state prisoner serving a life sentence within the Idaho Department of Correction ("IDOC"), having been continuously incarcerated for 32 years, filed a Petition to Compel Disclosure of Public Records relative to his conviction. (R., pp. 19-41.) The district court granted summary judgment on behalf of certain Respondents, Jan M. Bennetts, Ada County Prosecuting Attorney and Lynne Glick, Office Administrator, Custodian. (R., pp. 140-41.)

Subsequent to the entry of summary judgment, the district court awarded the Respondent's attorney fees in the amount of Four Thousand Three Hundred Thirty Five Dollars ($ 4,335.00). (R., pp. 156-57.) Mr. Rodgers filed a timely appeal challenging the award of attorney fees.

### Jurisdiction

This is an appeal from a final judgment in Ada County Case No. CV01-17-01600. This Court has jurisdiction pursuant to I.C. § 13-201, and Idaho Appellate Rule 4.

### Statement of Facts and Course of Proceedings

On November 21, 2016, Plaintiff-Appellant mailed a Request for Public Records to Boise City Police Department. (R., p. 115.) Thereafter Appellant submitted a further Request for Public Records on the Ada County Prosecutor, on December 6, 2016. (R., p. 113.) On or about December 13, 2016, Respondent Lynne Glick, Office Administrator, Ada County Prosecuting Attorney, replied by written correspondence that ACPA "does not have any documents ... responsive to your request." (R., p. 129.)

1

Respondent Boise City Police Records Custodian, Karen Eldredge, replied in writing to Mr. Rodgers request for public records. (R., pp. 29–39.) The parties entered a Stipulation to Dismiss Karen Eldredge, BCPRC, with prejudice to any and all claims against City Respondent BCPRC. (R., pp. 135–36.) The district court entered an Order to Dismiss Karen Eldredge, BCPRC, December 18, 2017. (R., pp. 137–38.)

A hearing was held in regard to Respondent Jan M. Bennetts, Ada County Prosecuting Attorney ("ACPA"), Motion to Dismiss. (R., pp. 45–51; R., Tr., pp. 6–51.) Therein Respondent ACPA argued only lack of personal jurisdiction, insufficient process, and insufficient service of process. The record is bare of any assertion that Mr. Rodgers petition was brought or pursued frivolously or without foundation. In point of fact, Respondent Ada County declined the Appellant's offer of settlement in correspondence dated December 20, 2017. Be it inadvertence, or a deliberate attempt to foreclose review of Mr. Rodgers efforts to avoid unnecessary protracted litigation---the truth of the matter is that Respondent ACPA, insisted on the aforementioned hearing with one purpose in mind; to punish an elderly prisoner for daring to advance a records request in an old case; and to seek an improper award of attorney fees to dissuade future public record request.

2

## ISSUES ON APPEAL

1.  Did the district court abuse its discretion when awarding attorney fees, where the court failed to consider the gravamen of the petition for public records, and other relevant factors reaching its decision?

2.  Did the district court err in identifying a prevailing party to vindicate its sense of justice beyond the judgment of the underlying dispute?

3.  Did the district court err in determining that all claims brought were frivolous and without foundation; where it is inappropriate to segregate claims and defenses to determine which were frivolously pursued?

<u>**ARGUMENT**</u>

I.

<u>The District Court Abused Its Discretion When Awarding
Attorney Fees By Failing To Consider The Gravamen Of
The Petition For Public Records And Other
Relevant Factors</u>

A.     Introduction

Both parties and the district court understood the basis for Mr. Rodgers petition for public records.  More than thirty years had passed since Mr. Rodgers was charged, prosecuted and convicted of first degree murder I.C. § 18-8004.  On or about December 9, 2016, Mr. Rodgers filed the Request For Public Records to the Ada County Prosecutor (R., p. 104.), pursuant to I.C. § 74-102(1).  Agent Lynne Glick, Office Administrator for Defendant Ada County Prosecutor ("ACP") responded stating, "The [ACP] does not have any documents that are responsive to your request." (R., p. 105.)  Needing to obtain and review the underlying documentation supporting his conviction and life sentence; Mr. Rodgers filed the Petition To Compel Disclosure Of Public Record. (R., pp. 107-131.)  Mr. Rodgers argues that the district court abused its discretion in finding "this lawsuit appears to me to have been frivolous" ... that "they [County] should not have been required to come in and defend themselves on this case." (R., Tr., pp. 30, ls. 14-15; 18-21.)

Accordingly, the district court awarded attorney fees in the amount of Four Thousand Three Hundred Thirty Five Dollars ($4,335.00).  See Amended Judgment, (R., pp. 156-57.)

B.     <u>The District Court Erred When It Awarded Attorney Fees By
Failing To Consider The Gravamen Of The Petition For Public
Records And Other Relevant Factors</u>

4

The following standards are utilized when determining if a party is entitled to an award of attorney fees.

> [T]he question on appeal is whether all claims brought or all defenses asserted are frivolous and without foundation. Attorney fees are not appropriate under § 12-121 and Idaho Civil Procedure Rule 54 unless all claims brought were without foundation. Where there are multiple claims and multiple defenses, it is not appropriate to segregate those claims to determine which were or were not frivolously defended or pursued. The **total** [pursuit] of plaintiff's proceedings must be unreasonable or frivolous.

*Management Catalysts v. Turbo W. Corpac, Inc.*, 119 Idaho 626, 809 P.2d 487 (1991).

The district court erred in determining Mr. Rodgers petition to compel disclosure of public records was "frevolous" and brought "without foundation" because certain defendants ultimately disclosed public records pursuant to the underlying request; Mr. Rodgers accepted a financial settlement with agent / defendant Karen Eldredge, Boise City Police Records Custodian; and whereas Plaintiff Rodgers, upon learning that the Ada County Prosecutor had destroyed the relevant case files, tendered a similar stipulation to dismiss ACP Respondent but counsel declined Mr. Rodgers reasonable offer. (R., Tr. pp. 30-34; 67-71; ACPA correspondence declining offer to settle, dated December 20, 2017.

Furthermore, "A petition for judicial review of an agency action is neither an administrative proceeding nor a civil judicial proceeding; thus, this section does not enable the courts to award attorney fees in such cases. *Johnson v. State*, (In re Johnson) 153 Idaho 246, 280 P.3d 749 (Ct. App. 2012). See also, I.C. Title 12 § 117(1) and (2) respectively. Mr. Rodgers prevailed in the broadest sense, insofar the agents of Boise City ultimately produced records pursuant to I.C. § 74-102(1); stipulated to a dismissal and reimbursed plaintiff for his fees and costs in pursuing said action. Mr. Rodgers could

5

not have foreseen that the Board of Ada County Commissioners would authorize destruction of such files———especially in light of Mr. Rodgers lenghty incarceration at the Idaho State Penitentiary; and wheras Respondent ACP failed to produce that information until such time as the district court had entered its Order Governing Proceedings and Setting Trial, November 27, 2017, (R., pp. 81-85; R., p. 130).

It is axiomatic that Respondent, Ada County Prosecutor's Office, sand-bagged the district court and Mr. Rodgers with a clear intention to seek an improper award of attorney fees against an indigent, elderly incarcerated prisoner and punish Mr. Rodgers for daring to ask for the very records the ACP relied upon to obtaining his underlying conviction.

Accordingly, the district court erred in awarding attorney fees, for failing to consider the gravamen of Mr. Rodgers Petition to compel the disclosure of public records, the legislative intent underlying Idaho's public records act, and the public's compelling need for governmental transparency.

II.

## The District Court Erred   In Identifying A Prevailing Party To Vindicate Its Sense Of Justice Beyond The Judgment Of The Underlying Dispute

A.   Introduction

The identification of a prevailing party rests in the trial courts sound discretion. Mr. Rodgers asserts that the district court improperly determined a prevailing party due to an oblique reaction to a convicted prisoner use of I.C. § 74-102(2) to compel disclosure of essential records of decades old murder case.

A judge may not use the award or denial of attorney fees to vindicate

6

his sense of justice beyond the judgment rendered on the underlying dispute between the parties. *Evans v. Sawtooth Partners*, 111 Idaho 381, 733 P.2d 925 (Ct. App. 1986).

Subsection (A) of Idaho Civil Procedure Rule 54(d)(1), which authorizes costs to the prevailing party, and subsection (2) (now (3)) of this section, which authorizes attorney fees to a prevailing party, are not applicable where there is no prevailing party; accordingly where plaintiffs and defendants were each successful in claims made against the other, the trial court did not err in ruling that all parties should pay their own costs and attorney fees since there was no overall prevailing party. *Int'l Eng'g Co. v. Daum Indus., Inc.*, 102 Idaho 363, 630 P.2d 155 (1981).

Where the district court specifically commented, "I have had other cases where people in custody are filing civil lawsuits ... frequently with post-conviction relief cases, the State will overlook whether ... there are significant due process issues involved ... Here you have a civil case for seeking to obtain what you perceive to be your rights under the public records law. I make no comment regarding whether or not that case is well-founded or not." (Tr., pp. 14, ls. 24-25; p. 15, ls. 24-25; p. 16, ls. 2-6.) Hearing held November 20, 2017, Ada County District Court, Hon. Richard D. Greenwood, Judge presiding.

Therefore, extrinsic facts and circumstances were improperly relied upon in the court's determination of prevailing party and this Court should reverse the improper award of attorney fees.

III.

The District Court Erred In Determining That All Claims
Brought Were Frivolous And Without Foundation

7

A.   Introduction

Mr. Rodgers respectfully argues that he was the "prevailing party" insofar that he successfully obtained disclosure of public records. Because the trial court's award, pursuant to subsection (3) of I.C. § 12-120, for discretionary costs and attorney fees to [ACPA], was based on holding that the respondent [county] was a prevailing party [for having destroyed the public records sought by Mr. Rodgers], such award should be vacated on appeal. *City of Chubbuck v. City of Pocatello*, 127 Idaho 198, 899 P.2d 411 (1995).

The district court did not properly apply the criteria of Idaho Civil Procedure Rule 54(d)(1)(B) in holding that [plaintiff] was not the prevailing party, where the most favorable outcome that could possibly be achieved by Mr. Rodgers, given that the records sought no longer existed. See: *Daisy Mfg. Co. v. Paintball Sports, Inc.*, 134 Idaho 259, 999 P.2d 914 (Ct. App. 2000).

Mr. Rodgers asserts that the district court's determination of a prevailing party is erroneous, that Respondent ACP did not pay any attorney fees in defense of the action, and that the award of attorney fees was improper pursuant to statute (I.C. § 12-120), and in light of controling principles of law.

8

## CONCLUSION

Mr. Rodgers respectfully requests that this Court vacate the district court's award of attorney fees.

DATED this 6th day of March, 2019.

*Daniel E. Rodgers*
_____
Daniel E. Rodgers
Plaintiff-Appellant pro se

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of March, 2019, I served a true and correct copy of Appellant's Brief on following individual by the method so indicated:

        ADA COUNTY PROSECUTOR'S OFFICE, Civil Division
        Jan M. Bennetts
        200 W. Front Street, Rm. 3191
        Boise, ID      83702

*       By depositing a copy of the same within the institutional
        mail system, U.S. Mail, first class postage prepaid.

*Daniel E. Rodgers*
_____
Daniel E. Rodgers
Plaintiff-Appellant pro se

9



**ADA COUNTY PROSECUTING ATTORNEY**
**JAN M. BENNETTS**

| **Criminal Division** | **Civil Division** | **Juvenile Division** |
|---|---|---|
| 200 W. Front Street, Rm 3191 | 200 W. Front Street, Rm 3191 | 6300 Denton Street |
| Boise, Idaho 83702 | Boise, Idaho 83702 | Boise, Idaho 83704 |
| | | |
| Phone (208) 287-7700 | Phone (208) 287-7700 | Phone (208) 577-4900 |
| Fax (208) 287-7709 | Fax (208) 287-7719 | Fax (208) 577-4909 |

December 20, 2017


Daniel E. Rodgers, #28075
ISCC, G-102B
P.O. Box 70010
Boise, Idaho 83707

Re:  Offer of Settlement dated December 1, 2017

Dear Mr. Rodgers:

Ada County declines your offer of settlement.  As was indicated in the letter dated December 13, 2016, the Office of the Ada County Prosecuting Attorney does not have any documents that are responsive to your request.

Sincerely,

**JAN M. BENNETTS**
Ada County Prosecuting Attorney

Lorna K. Jorgensen
Deputy Prosecuting Attorney

JMB:LKJ:cfm

*In re Thomas Eugene Creech,* Case No. 24-4455
Submitted in Support of Petitioner's Motion for Judicial Notice

# EXHIBIT 7

**(Appellant's Reply Brief, *Rodgers v. Bennetts,* Idaho Sup. Ct. No. 46200-2018)**

IN THE SUPREME COURT OF THE STATE OF IDAHO

DANIEL E. RODGERS,

     Plaintiff-Appellant,

  v.

JAN M. BENNETTS, Ada County
Prosecutor; LYNNE GLICK,
Office Administrator, Custodian,

     Defendants-Respondents,

and,

KAREN ELDREDGE, Boise City Police
Records Custodian,

     Defendant.

No. 46200-2018

Ada County District Court
CV01-17-01600

**APPELLANT'S REPLY BRIEF**



APPELLANT'S REPLY BRIEF

APPEAL FROM THE DISTRICT COURT OF THE FOURTH JUDICIAL
DISTRICT OF THE STATE OF IDAHO, IN AND FOR THE
COUNTY OF ADA

HONORABLE RICHARD D. GREENWOOD
District Judge

DANIEL E. RODGERS
28075 ISCC / F-1, 02 A
P.O. Box 70010
Boise, ID    83707

JAN M. BENNETTS
Ada County Prosecuting Attorney
LORNA K. JORGENSEN
Deputy Prosecuting Attorney
Civil Division
200 W. Front Street, Rm. 3191
Boise, ID    83702

PLAINTIFF-APPELLANT
PRO SE

ATTORNEY FOR
DEFENDANTS-RESPONDENTS

## STATEMENT OF THE CASE

The nature of the case, jurisdiction, and course of the proceedings were previously set forth in the Appellant's opening Brief, they need not be repeated here but are incorporated by reference thereto.

## ARGUMENT IN REPLY

In its brief the Respondent's raise three primary reasons this Court should affirm the district court's findings of fact, conclusions of law, and the award of attorney fees. Those reasons were summarized in the brief as follows:

1. The Ada County Prosecuting Attorney's Office searched for responsive records to Mr. Rodgers' request and responded that the Office did not have such records.

2. This pursuit **required** the Prosecuting Attorney Defendants to defend against Mr. Rodgers' claims and **incur attorney fees.** (emphasis added)

3. It was within the district court's discretion to determine who was the prevailing party, whether the suit was pursued frivolously and to award attorney fees, and that such a finding was proper pursuant to Idaho Code 74-116(2).

The Defendant-Respondents also contend that Mr. Rodgers lawsuit was brought without foundation. The Defendant-Respondents are misguided.

Mr. Rodgers will not repeat his position regarding whether the Prosecuting Attorney Defendant-Respondents actually searched for the relevant records pertaining to the Appellant's request for public records. It remains undisputed that the Prosecuting Attorney did in fact have the records at one time, and purportedly destroyed such records at the direction of Ada County Commissioner's. (Resolution No. 1070, Board of Ada County Commissioners, dated September 26, 2000; R., p. 130.) However the record is bare of indication that the County Defendants' actually notified the Appellant as to the decision to destroy those important documents **prior** to the Appellant bringing suit. In

1

point of fact, the very acknowledgment to having once possessed the records; then destroying the same without notification to Mr. Rodgers or other interested parties, underscores the Appellant's position that the public records request was based on reasonable information then available; was in accord with I.C. 74-116; and not frivolously pursued.

Moreover, the record dispels the prosecutor's contention this case was pursued without foundation———insofar as once Mr. Rodgers was notified of the documents requested had been destroyed, the Appellant took the reasonable position and offered to withdraw the suit. The Ada County Prosecutor declined Mr. Rodgers proposal and advanced unfounded legal challenges relating to the district court's    personal    jurisdiction. (R., pp. 45-51, Motion to Dismiss for Lack of Personal Jurisdiction, Insufficient Process, and Insufficient Service of Process; and, Memorandum in Support of Motion to Dismiss.)  It is indeed disingenuous to decline Mr. Rodgers offer of settlement/withdrawal of the action; only to extend the suit by means of advancing baseless challenges to the district court's jurisdiction, serves to discredit Defendant-Respondent's contention Mr. Rodgers petition was frivolous; and instead demonstrates that the amount of attorney work product was undertaken with malicious intent.  For these reasons this Court should vacate the award of attorney fees herein.

Lastly, the Ada County Prosecor's Office is a public entity fully funded by taxpaying citizen's of Ada County.  The suggestion that the party defendant's should be re-imbursed for attorney fees is improper.  Furthermore, the district court failed to undertake the proper fact-finding analysis to determine whether amount of attorney work hours was an appropriate undertaking given the nature and circumstances of the case.  For these reasons this Court should vacate the district court's findings and strike down individual public employee's attempt

2

dispel indigent defendant's from accessing public records by means of maliciously extending the litigation only to seek attorney fees thereafter. Such actions are a wanton departure from the legislature's intent when enacting I.C. 12-121, 12-123, and would serve to chill the general public from seeking public records via I.C. 74-116.

### CONCLUSION

Mr. Rodgers initially brought suit to obtain essential public records that were reasonably believed to be in the possession of the Ada County Prosecutor's Office. When it became known that the records had been discarded Mr. Rodgers extended a curteous offer of settlement. This case was imprudently protracted at the behest of the Defendant-Respondents. Accordingly, the district court's award of attorney fees was improper. The Appellant respectfully requests this Court vacate the award of attorney fees, and for such further and other relief as this Court deems appropriate under the premises.

DATED this 28th day of May, 2019.

Daniel E. Rodgers

3

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 28th day of May, 2019, I served a true and correct copy of the Appellant's Reply Brief on the following individual by the method so indicated:

    ADA COUNTY PORSECUTOR'S OFFICE
    Civil Division
    JAN M. BENNETTS
    LORNA K. JORGENSEN
    200 W. Front Street, Rm. 3191
    Boise, ID     83702

*       By depositing a copy of the same within the institutional
        mail system, U.S. Mail, first class postage prepaid.


                              Daniel E. Rodgers

4